IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003

# WILLIAM WATERS, JR. v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-1840-III      Ellen Hobbs Lyle, Chancellor**

---

**No. M2002-00917-COA-R3-CV - Filed July 24, 2003**

---

WILLIAM C. KOCH, JR., J., concurring.

I concur completely with the court's opinion in this case. Prior appeals involving the judicial review of prison disciplinary proceedings have illustrated the Office of the Attorney General's notion that it gains some sort of tactical advantage by not filing the complete record of the disciplinary proceeding with the reviewing court. This case again underscores the folly of this tactic. By failing to file the complete record of Mr. Waters's disciplinary proceeding or to otherwise respond to his summary judgment motion, the Office of the Attorney General has effectively conceded that the Department of Correction had no basis for disciplining Mr. Waters.

The Office of the Attorney General now finds itself caught in the same procedural snare it generally lays for prisoners in these sorts of cases. It invokes the interests of judicial economy as a basis for extricating itself from its predicament. As this case illustrates, judicial economy – both at trial and on appeal – is best served in these cases by the prompt filing of the complete record of the prison disciplinary proceeding.

_____
WILLIAM C. KOCH, JR., JUDGE